MR. JUSTICE CARRIGAN
delivered the opinion of the Court.
The People here appeal pursuant to section 16-12-102, C.R.S. 1973, seeking disapproval of the trial court’s judgment of acquittal and its dismissal of a three-count grand jury indictment. We disapprove the trial court’s actions.
On September 17, 1976, the People filed a grand jury indictment charging the defendant with three counts of official misconduct allegedly committed while he was chief of the Trinidad Police Department, in violation of section 18-8-404, C.R.S. 1973. Count I alleged that on July 9, 1975, the defendant,
“ . . . utilized a City of Trinidad purchase order Number 003985, and his official position and title as Chief of Police to order firearms at reduced prices and with tax benefits afforded only to police departments and then resold and transferred said firearms to persons who were not officers and employees of the Trinidad Police Department . . . . ”
Count II asserted that on August 12, 1975, the defendant, as police chief,
“ . . . utilized a City of Trinidad purchase order Number 006005, and his official position and title as Chief of Police to order firearms at reduced prices and with tax benefits afforded only to police departments and then resold and transferred said firearms to persons who were not officers and employees of the Trinidad Police Department . . . . ”
Count III alleged that on July 25, 1975, the defendant,
*158 “ . . . utilized his official position and title as Chief of Police to order, from Rocky Mountain Police Supply, two Smith & Wesson Model 60 handguns, at reduced prices and with tax benefits afforded only to police departments and then resold and transferred said firearms to persons who were not officers or employees of the Trinidad Police Department . . . .”
Subsequently the People submitted a bill of particulars which provided detailed information regarding the firearms referred to in the indictment and the persons to whom they allegedly had been sold, as follows:

“Count I

1) Colt Python (serial no. E86455) resold to Glen Oberling.
2) Smith & Wesson 36 resold to Bob Valdez.
3) Smith & Wesson 36 retained by defendant.

11 Count II

1) Colt Python (serial no. E96256) resold to Arthur Winter.
2) Colt Python (serial no. 02232E) resold to Arthur Winter.
3) Colt Python (serial no. 1724E) resold to Frank Milinazzo.
4) Colt Python (serial no. 01004E) resold to Frank Patrick Shew.
5) Colt Python (serial no. 0263IE) resold to Lawrence Pino.
6) Colt Python (serial no. 9267IE) resold to Debra Herpel.
7) Colt Python (serial no. 03064E) resold to Gary Goodman.

“Count III

1) Smith & Wesson Model 60 (serial no. R128796) resold to Eddie Clements.
2) Smith & Wesson Model 60 (serial no. R125640) resold to Eddie Clements.”
At trial the People stated in their opening statement that with respect to Count I the evidence would show that the defendant had used a purchase order to obtain three firearms and that one of these had been sold to Glen Oberling, a person not employed by the Trinidad Police Department. No mention was made of any proof relating to the other two guns in Count I.
As to Count II, the People asserted, in opening statement, that the evidence would show that the defendant had used a purchase order to obtain seven weapons, and that three of these had been sold to persons not members of the Trinidad Police Department. Finally the People, in opening, stated that the evidence would show that both weapons referred to in Count III had been sold to Clements, who was not a member of the Trinidad Police Department.
At the conclusion of the People’s opening statement the defendant moved for a judgment of acquittal. The trial court granted this motion and dismissed the indictment, the court ruled that the People’s statement that they intended to prove some, but not all, of the transactions set forth in the first two counts of the indictment constituted an impermissible substantive amendment to the grand jury indictment resulting in a fatal variance. *159 Since the trial had already started, the court ruled that jeopardy had attached and therefore the case had to be dismissed.
We disapprove the trial court’s judgment. While it is true that the prosecution may not broaden the charges set forth in an indictment to embrace conduct the grand jury did not mention in the indictment, Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960), the trial court erred in applying that rule in this case. Here there was no attempt by amendment to add new charges. The defendant had full and fair notice from the indictment as supplemented by the bill of particulars of the charges he had to meet.
The prosecution is not required to prove every act alleged in the indictment at peril of suffering dismissal of the entire indictment. Where it appears that some charges set out in the indictment cannot be proved, the prosecution may, nevertheless, proceed to prove the remaining allegations, so long as they are sufficient to charge one or more crimes. The defendant cannot complain when the prosecution eliminates some but not all of the charges, for he is not prejudiced. Stirone v. United States, supra; United States v. Silverman, 430 F. 2d 106 (2d. Cir. 1970); United States v. Spector, 326 F.2d 345 (7th Cir. 1963); Bary v. United States, 292 F.2d 53 (10th Cir. 1961).
While it is true that the prosecutor here revealed in opening statement that he did not intend to prove every illegal firearm resale to non-police personnel alleged in the indictment, he did state that there would be proof of sufficient allegations of the indictment to establish commission of the crime, i.e., at least one firearm was sold to at least one non-police person in each count.
We hold that, absent a showing of prejudice to the defendant, this variation from the indictment did not constitute a fatal substantive amendment. Therefore we disapprove the trial court’s judgment. Since jeopardy had attached, however, the defendant cannot be retried. U.S. Const., Amendment V; Colo. Const., Art. II, section 18; People v. Terry, 189 Colo. 177, 538 P.2d 466 (1975).
MR. JUSTICE PRINGLE does not participate.